MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JORGE BOLIVAR GUZMAN, *individually*
*and on behalf of others similarly situated,*

                                    *Plaintiff,*                    **COMPLAINT**

                    -against-

                                                              **COLLECTIVE ACTION UNDER**
TOYS OUTLET INC.  (D/B/A FURNITURE          **29 U.S.C. § 216(b)**
EXPRESS), IZZY FURNITURE INC.
(D/B/A IZZY FURNITURE), and ISRAEL          **ECF Case**
ABOUTBOUL,

                                    *Defendants.*
------------------------------------------------------X

   Plaintiff Jorge Bolivar Guzman ("Plaintiff Bolivar" or "Mr. Bolivar"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Toys Outlet Inc. (d/b/a Furniture Express) and Izzy Furniture Inc.  (d/b/a Izzy Furniture), ("Defendant Corporations") and Israel Aboutboul, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

   1.  Plaintiff Bolivar is a former employee of Defendants Toys Outlet Inc. (d/b/a Furniture Express), Izzy Furniture Inc.  (d/b/a Izzy Furniture), and Israel Aboutboul.

   2.  Defendants own, operate, or control two furniture stores, located at 410 East 149th Street, Bronx, New York 10455 under the name "Furniture Express" and at 385 East 149th Street, Bronx, New York 10455 under the name "Izzy Furniture".

3.      Upon information and belief, individual Defendant Israel Aboutboul, serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the stores as a joint or unified enterprise.

4.      Plaintiff Bolivar was an employee of Defendants.

5.      Plaintiff Bolivar was employed as general laborer at the furniture stores located at 410 East 149th Street, Bronx, New York 10455 and 385 East 149th Street, Bronx, New York 10455.

6.      At all times relevant to this Complaint, Plaintiff Bolivar worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Bolivar appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Bolivar to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bolivar and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Bolivar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Bolivar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bolivar's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two furniture stores located in this district.  Further, Plaintiff Bolivar was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Jorge Bolivar Guzman ("Plaintiff Bolivar" or "Mr. Bolivar") is an adult individual residing in Bronx County, New York.  Plaintiff Bolivar was employed by Defendants at Furniture Express from approximately July 2011 until on or about September 25, 2017 and at Izzy Furniture from approximately January 2015 until on or about August 2015.

15.     Plaintiff Bolivar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.      At all relevant times, Defendants owned, operated, or controlled two furniture stores located at 410 East 149th Street, Bronx, New York 10455 under the name "Furniture Express" and  at 385 East 149th Street, Bronx, New York 10455under the name "Izzy Furniture".

17.      Upon information and belief, Toys Outlet Inc. (d/b/a Furniture Express) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 410 East 149th Street, Bronx, New York 10455.

18.      Upon information and belief, Izzy Furniture Inc.  (d/b/a Izzy Furniture) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 385 East 149th Street, Bronx, New York 10455.

19.      Defendant Israel Aboutboul is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Israel Aboutboul is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

20.      Defendant Israel Aboutboul possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

21.      Defendant Israel Aboutboul determines the wages and compensation of the employees of Defendants, including Plaintiff Bolivar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.      Defendants operate two furniture stores located in the Southwestern section of the Bronx in New York City.

- 4 -

23.     Individual Defendant, Israel Aboutboul, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Bolivar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bolivar, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Bolivar (and all similarly situated employees) and were Plaintiff Bolivar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Bolivar and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant, Israel Aboutboul operates Defendant Corporations as either an alter ego of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b.   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e.   operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f.   intermingling assets and debts of his own with Defendant Corporations,

    g.   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h.   Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Bolivar's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bolivar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bolivar's services.

30.    In each year from, 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that were used in the furniture stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Bolivar is a former employee of Defendants who was employed as general laborer.

33.    Plaintiff Bolivar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge Bolivar Guzman*

34.     Plaintiff Bolivar was employed by Defendants from approximately July 2011 until on or about September 25, 2017 at the 410 East 149th St. Bronx NY 10455 at "Furniture Express" and from January 2015 until on or about August 2015 at the 385 East 149th Street, Bronx, New York 10455 location at "Izzy Furniture".

35.     Defendants employed Plaintiff Bolivar as general laborer.

36.     Plaintiff Bolivar regularly handled goods in interstate commerce, such as furniture and other supplies produced outside the State of New York.

37.     Plaintiff Bolivar's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Bolivar regularly worked in excess of 40 hours per week.

39.     From approximately July 2011 until on or about September 25, 2017, Plaintiff Bolivar worked as general laborer from approximately 10:00 a.m. until on or about 8:00 p.m., 7 days a week (typically 70 hours per week).

40.     However, from January until on or about May of each year that he worked for Defendants, Plaintiff Bolivar worked from approximately 10:00 a.m. until on or about 10:00 p.m., 7 days a week (typically 84 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Bolivar his wages in cash.

42.     From approximately July 2011 until on or about December 2016, Defendants paid Plaintiff Bolivar a fixed salary of $500 a week.

43.     From approximately December 2016 until on or about September 25, 2017, Defendants paid Plaintiff Bolivar a fixed salary of $600 per week.

44.     Plaintiff Bolivar's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.     In fact, from January through May of every year, Defendants required Plaintiff Bolivar to work an additional two hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

46.     Defendants never granted Plaintiff Bolivar any breaks or meal periods of any kind.

47.     From approximately July 2011 until on or about August 2015 Plaintiff Bolivar was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bolivar regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Bolivar an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Bolivar, in English and in Spanish (Plaintiff Bolivar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bolivar (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52.     Plaintiff Bolivar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53.     Defendants' pay practices resulted in Plaintiff Bolivar not receiving payment for all his hours worked, and resulting in Plaintiff Bolivar's effective rate of pay falling below the required minimum wage rate.

54.     Defendants habitually required Plaintiff Bolivar to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55.     Prior to late 2015, defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56.     Plaintiff Bolivar was paid his wages in cash.

57.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bolivar (and similarly situated individuals) worked, and to avoid paying Plaintiff Bolivar properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bolivar and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff  Bolivar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Bolivar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Bolivar brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Bolivar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime

pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

65.     The claims of Plaintiff Bolivar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

66.     Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Bolivar's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Bolivar (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Bolivar (and the FLSA Class members) at the applicable minimum hourly rate.

71.     Defendants' failure to pay Plaintiff Bolivar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Bolivar (and the FLSA Class members) were damaged in an amount to be determined at trial.

- 11 -

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

73.     Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Bolivar (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Bolivar (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Bolivar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

77.      Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Bolivar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Bolivar, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

79.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Bolivar less than the minimum wage.

80.     Defendants' failure to pay Plaintiff Bolivar the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Bolivar was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

82.     Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bolivar overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Bolivar overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Bolivar was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

86.     Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff Bolivar with a written notice, in English and in Spanish (Plaintiff Bolivar's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

- 13 -

88.     Defendants are liable to Plaintiff Bolivar in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

89.     Plaintiff Bolivar repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Bolivar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Bolivar in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bolivar respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bolivar and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bolivar and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bolivar's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bolivar and the FLSA Class members;

(f)     Awarding Plaintiff Bolivar and the FLSA Class members damages for the amount of unpaid minimum wages and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Bolivar and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bolivar;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bolivar;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bolivar's compensation, hours, wages and any deductions or credits taken against wages;

- 15 -

(k)     Awarding Plaintiff Bolivar damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Bolivar damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Bolivar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Bolivar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Bolivar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Bolivar demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
           December 19, 2017



                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                        By:     _____/s/ Michael Faillace_____

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 7, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Jorge Bolivar Guzman**

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            07 de diciembre de 2017

*Certified as a minority-owned business in the State of New York*