# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

December 23, 2019

**VIA ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:        Jorge Bolivar Guzman v. Toys Outlet Inc. et al
                  17-cv-9901 (SLC)

Dear Judge Cave,

      This firm represents the Plaintiff Jorge Bolivar Guzman in the above-referenced matter. Bolivar Guzman writes to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the parties. The Agreement reflects a desire by the parties to fully and finally settle and compromise all of Bolivar Guzman's claims asserted in this case as outlined more specifically in the attached Agreement.

      The parties have concluded that the Agreement is fair, reasonable, adequate, and in the parties' mutual best interests. For these reasons and based on the reasons set forth below,

Bolivar Guzman respectfully requests that that Court enter an Order approving the settlement as fair and reasonable.

### I. Statement of the Case

Bolivar Guzman alleged he worked for Defendants at Defendants' two furniture businesses in Manhattan. He brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). Specifically, Bolivar Guzman alleged he worked approximately 60 to 84 hours per week for Defendants from July 2012 to September 25, 2017, and was paid fixed weekly wages which ranged from $450 to $1,200 per week and which did not compensate him at the overtime rate for his overtime hours worked. Bolivar Guzman's estimated damages, if he were fully credited on all issues and recovered to the maximum extent, were approximately $65,000 in overtime wages, and a total of $185,000.

Defendants denied many of the allegations. Defendants claimed that Bolivar Guzman was an exempt manager. Defendants also claimed that Bolivar Guzman worked far fewer hours than he alleged and produced some records which suggested that was the case. Defendants also identified inconsistencies in Bolivar Guzman's testimony that would have potentially hindered his credibility.

Additionally, the businesses at issue had closed, and Aboutboul represented that he has little funds available for a settlement.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $12,500.00 to settle all claims. Of this amount, $4,618.40 will be attorney's fees and costs in this matter, with the remainder to go to Bolivar Guzman.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having completed discovery, including depositions, conferred with Defendants (including at a settlement conference before Your Honor), and prepared for trial, it became clear that there were sharply contested factual and legal disputes that went to the heart of Bolivar Guzman's claims, including Bolivar Guzman's possible exempt status and his hours worked. There were also likely significant collection issues if Bolivar Guzman were to obtain a judgment. The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the parties' respective positions, and anticipated collection difficulties.

Considering the risks in this case outlined above, discussed *supra*, Bolivar Guzman believes that this settlement is a fair result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3

December 23, 2019
Page 4

(S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The parties note the action was litigated through discovery and pretrial submissions and the parties were less than a week from trial when they reached their agreement to settle. This indicates the adversarial nature of the litigation and negotiations, as settlement was achieved only after the parties undertook completion of discovery and preparations for trial.

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $4,618.40 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund after costs are deducted, plus costs.

The amount provided to Bolivar Guzman's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Bolivar Guzman's attorneys' requested award is reasonable. Additionally, Bolivar Guzman and his counsel already agreed to the fee provided for in the settlement.

A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines

        Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

b. Joshua. Androphy is an attorney at Michael Faillace & Associates, P.C. and am regularly billed at the rate of $400 per hour. Androphy graduated from Columbia Law School in 2005. Following law school, he litigated a variety of commercial, employment, and other civil cases at Olshan Frome Wolosky LLP. Since joining Michael Faillace & Associates, P.C. in December 2012, Androphy has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on dozens of FLSA litigations such as the instant. His work is indicated by the initials "JA."

c. Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

The lodestar amount for Bolivar Guzman's attorneys' fees is $21,379.60. Costs are $927.60. A copy of Bolivar Guzman's attorneys' billing records is annexed hereto as Exhibit B. The attorneys' fees Bolivar Guzman's attorneys will receive under the settlement are considerably less than the lodestar amount.

In any case, it is fair and reasonable for Bolivar Guzman's attorneys to receive one-third of the total settlement amount. Bolivar Guzman's attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Bolivar Guzman's attorneys from that proposed herein, the parties and Bolivar Guzman's attorneys respectfully request that the Court approve the

December 23, 2019
Page 6

settlement agreement with the maximum distribution to Bolivar Guzman's attorneys that the Court deems appropriate.

Should Your Honor have any questions or concerns regarding this settlement, we are happy to address them. We thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/Joshua S. Androphy
    Joshua S. Androphy
    MICHAEL FAILLACE & ASSOCIATES, P.C.
    Attorneys for the Plaintiff

Enclosure