UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORGE BOLIVAR GUZMAN, *individually and
on behalf of others similarly situated*,

                           *Plaintiff*,

   -against-

TOYS OUTLET INC. (D/B/A FURNITURE
EXPRESS), IZZY FURNITURE INC., (D/B/A
IZZY FURNITURE), and ISRAEL
ABOUTBOUL,

                          *Defendants.*
------------------------------------------------------------x

Case No. 17-cv-9901-SLC

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

      This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Jorge Bolivar Guzman (hereinafter referred to as "Plaintiff" or "Releasor" or "Employee"), and Defendants, (collectively, "Defendants" or "Employer") (Plaintiff and Defendants are referred to herein as the "Parties").

      WHEREAS, on December 19, 2017 Plaintiff filed suit for damages titled *Jorge Bolivar Guzman, on behalf of himself and others similarly situated v. Toys Outlet Inc. (D/B/A Furniture Express), et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 17-CV-9901(hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

      WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Consideration.** In consideration for signing this Settlement Agreement and Release (hereinafter referred to as "Agreement"), and complying with the terms and conditions herein, Employer agrees to pay Employee a total sum of Twelve Thousand Dollars and Zero Cents ($12,000.00) over 17 payments, with all payments to be delivered and the first payment to be made within thirty (30) days after: (a) Employer receives a signed original of this Agreement; (b) Employer receives Employee's signed IRS W-9 Tax Form; (c) Employer receives Employee's attorney's signed W-9; and, (d) the Lawsuit (as defined below) has been dismissed with prejudice after the Court approves it at a fairness hearing or other statutory approval process. Subject to the conditions set forth herein, the Payments will be delivered to Michael Faillace & Associates, P.C., One Grand Central Place, Suite 4510, New York, New York 10165, as follows:

A. First Payment: Payment in the amount of $2,000, as follows:

    a. One check in the amount of $1,230.27 made payable to Employee. These funds will not be subject to withholdings, for which a Form 1099 will be issued.

    b. One check in the amount of $769.73 made payable to "Michael Faillace & Associates, P.C.", Plaintiff's attorneys, as and for attorneys' fees and costs, for which a Form 1099 will be issued to Employee and Michael Faillace & Associates, P.C.

B.     Sixteen Installment Payments: Payment in the amount of $625 per installment, for 16 monthly installments. Each of the installments shall be due 30 days following the previous installment payments. All checks for the sixteen installment payments shall be delivered at the time of delivery of the first payment. Each installment shall be paid as follows:

    a. One check in the amount of $384.46 made payable to Employee. These funds will not be subject to withholdings, for which a Form 1099 will be issued.

    b. One check in the amount of $240.54 made payable to "Michael Faillace & Associates, P.C.", Plaintiff's attorneys, as and for attorneys' fees and costs, for which a Form 1099 will be issued to Employee and Michael Faillace & Associates, P.C.

    Employee must ensure that all taxes relating to payments made pursuant to the Agreement properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a

result of any and all payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Employee, who agrees to hold harmless and to indemnify Employer from any tax-related or other liability.

Concurrently with the execution of this Agreement, Defendant Israel Aboutboul shall execute and deliver to Plaintiff Bolivar Guzman's counsel a confession of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit B respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Bolivar Guzman's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear, or Defendants fail to deliver the payments to Plaintiff Bolivar Guzman's's counsel within 30 days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within seven days of receipt of written notice (to be delivered to Defendants by first class mail via to Israel Aboutboul, 2230 East 66th Street, Brooklyn, NY 11234. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

If Plaintiff or Plaintiff's counsel needs a replacement check, other than one returned for insufficient funds, Defendant will replace the check and deduct $35.00 from that replacement payment as reimbursement for check cancellation fees.

2. **No Consideration absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the Consideration specified in Paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims**. Employee knowingly and voluntarily releases and forever discharges Israel Aboutboul, and Toys Outlet Inc. and Izzy Furniture Inc. and its current and former owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and Release, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), or any other wage or compensation related law or requirement and any implementing wage orders, rules or regulations, including any claims for attorneys' fees.

4. **Acknowledgments and Affirmations.**

(a) Employee affirms that he has not filed or caused to be filed, and presently is not a party to any claim against Employer, except this lawsuit, filed with the United States District Court for the Southern District of New York, Case No. 17-cv-9901 ("Lawsuit"). This Agreement represents settlement of a *bona fide* dispute regarding wages owed and hours worked; and the parties agree that Employee shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable;

(b) Employee affirms that as a result of this Agreement, he has been paid and/or has received all compensation, wages, bonuses, other monies to which

Employee may be entitled for work performed and that no other compensation, wages, bonuses, benefits or other monies are due;

(c) Employee further affirms that the sole complaint that he made is the one for allegedly unpaid wages, which is resolved by this Agreement. He did not report any allegations of wrongdoing by Employer or its officers. Both Employer and Employee acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies relating to work performed, wages or compensation paid or any similar claim or relief;

(d) Employee affirms that, as of the date of execution of this Agreement, he knows of no other individual who has expressed interest in bringing any claims against Releasees.

5. **Mutual Cooperation.** The Parties agree to fully cooperate with one another in the preparation of, and/or joint filing of, any and all papers necessary to obtain the dismissal with prejudice of the Lawsuit. This obligation includes, but is not limited to, any steps necessary to obtain approval of this Agreement by the Court, including the filing of the Stipulation of Final Dismissal attached hereto as Exhibit A.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision to generally and wholly release, settle and waive any and all claims within its scope. In the event of a breach of any provision of this

Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach after first giving at least seven (7) business days written notice to the other party of the alleged breach so that the alleged breach can be remedied. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be interpreted or modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except as set forth in paragraph 6, above, or in writing and signed by both Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement and Remedies.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Any breach or violation of this Agreement by either party, will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation that is not remedied within the seven (7) day written notice period set forth above. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate. Each party shall bear

its own legal fees in any such action.

10. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

11. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, he has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee. He is doing so after consulting with counsel.

12. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by his counsel, Michael Faillace & Associates, P.C. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all wage or compensation-related claims that Employee possibly could have against Releasees as of the date of this Agreement. Employee further represents that he is fully satisfied with the advice and counsel provided by Michael Faillace & Associates, P.C.;

     (b) Employee also confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

     (c) Employee fully understands the terms of this Agreement and has had the benefit of translation service or other assistance to that end.

  **EMPLOYEE AFFIRMS HE HAS CONSULTED WITH MICHAEL FAILLACE & ASSOCIATES, P.C. PRIOR TO SIGNING THIS AGREEMENT.**

  **EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES AS DISCUSSED IN THIS AGREEMENT.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: December 20, 2019        By: _____
                                    Jorge Bolívar Guzman

                                    **Toys Outlet Inc.**
Dated: December 17, 2019        By: _____
                                    Israel Aboutboul
                                Title:  Owner

                                    **Izzy Furniture Inc.**
Dated: December 17, 2019        By: _____
                                    Israel Aboutboul
                                Title:  Owner

Dated: December 17, 2019        By: _____
                                    Israel Aboutboul, individually

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JORGE BOLIVAR GUZMAN, *individually and
on behalf of others similarly situated,*

                                  *Plaintiff,*

    -against-

TOYS OUTLET INC. (D/B/A FURNITURE
EXPRESS), IZZY FURNITURE INC., (D/B/A
IZZY FURNITURE), and ISRAEL
ABOUTBOUL,

                                *Defendants.*
-------------------------------------------------------------x

Case No. 17-cv-9901-SLC

## STIPULATION AND ORDER OF FINAL DISMISSAL
## WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, Jorge Bolivar Guzman, by his attorneys, and Defendants Toys Outlet Inc. (d/b/a Furniture Express), Izzy Furniture Inc. (d/b/a Izzy Furniture), and Israel Aboutboul through their respective undersigned counsel, that the above-captioned action should be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party.

By: _____/s/_____
Israel Aboutboul, individually and on behalf of
Toys Outlet Inc. and Izzy Furniture Inc..

Dated: _12-17-19_

MICHAEL FAILLACE &
ASSOCIATES, P.C.
*ATTORNEYS FOR PLAINTIFF*
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200

By: _____/s/_____
Joshua S. Androphy

Dated: _12-23-19_

SO ORDERED on this ___ day of _____, 2019,

_____
U. S. M. J.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x
JORGE BOLIVAR GUZMAN,

                *Plaintiff,*                                   **Index No.:**

-against-

ISRAEL ABOUTBOUL,                         **AFFIDAVIT OF CONFESSION OF JUDGMENT**

                *Defendants.*

------------------------------------------------------------x

STATE OF NEW YORK     )
                                     : ss.:
COUNTY OF                   )

      1.     I reside in Kings County. My address is 2230 East 66th Street, Brooklyn, New York 11234..

      2.     Pursuant to the terms of the Settlement Agreement and Release by and between Jorge Bolivar Guzman and Toys Outlet Inc. (d/b/a Furniture Express), Izzy Furniture Inc. (d/b/a Izzy Furniture), and Israel Aboutboul (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me in favor of Plaintiffs for the sum of Eighteen Thousand Dollars and No Cents ($18,000.00), less any payments made under the Settlement Agreement.

      3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff Bolivar Guzman under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of TwelveThousand Dollars and No Cents ($12,000.00) to Plaintiff Bolivar Guzman. The amount of this affidavit of confession of judgment represents the amount of Eighteen Thousand Dollars and No Cents ($18,000.00)

      4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

      5.     I hereby represent my understanding that upon Defendants' breach of the

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Eighteen Thousand Dollars and No Cents ($18,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Israel Abotuboul.

_____
Israel Abotuboul

Sworn to before me this
19 day of December 2019

_____
Notary Public

```
SUSANNE M TOES
Notary Public, State of New York
Registration #02TO6383208
Qualified In New York County
Commission Expires November 13, 2022
```