UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE BOLIVAR GUZMAN, individually and on
behalf of others similarly situated,

                              Plaintiff,

          -against-

                                                    CIVIL ACTION NO.: 17 Civ. 9901 (SLC)

                                                    **ORDER APPROVING SETTLEMENT**

TOYS OUTLET INC. (D/B/A FURNITURE EXPRESS),
IZZY FURNITURE INC., (D/B/A IZZY FURNITURE),
and ISRAEL ABOUTBOUL,

                              Defendants.


**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have

consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of

reviewing their proposed settlement (ECF No. 105), and have now submitted a joint Letter-

Motion in support of settlement (ECF No. 109) and proposed settlement agreement (ECF

No. 109-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir.

2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in

FLSA cases like this one, as courts are not in as good a position as the parties to determine the

reasonableness of a FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015

WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  In addition, the plaintiff in this

case has expressed serious concerns about collectability and has agreed to a payment schedule,

which "militates in favor of finding a settlement reasonable."  Lliguichuzcha v. Cinema 60, LLC,

948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ.

3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs

would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint Letter-Motion in support of settlement, the settlement agreement and accompanying exhibits, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement, including (i) the total settlement amount ($12,000.00), (ii) the allocation of attorneys' fees and costs ($4,618.40), (iii) the amount of the first payment ($2,000.00, with $1,230.27 payable to plaintiff and $769.73 payable to plaintiff's counsel), and (iv) the amount of each of the 16 remaining installment payments ($625.00, with $384.46 payable to plaintiff and $240.54 payable to plaintiff's counsel), appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. Any pending motions are moot. The Clerk of Court is respectfully requested to close ECF No. 109, mark it as "granted," and close this case.

Dated:     New York, New York
           December 30, 2019

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge